IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DIOSSER IRLANDER GAONA MURILLO,<br>#72577-018,<br><br>Petitioner,<br><br>v.<br><br>WARDEN ESTELA DERR,<br><br>Respondent. | CIVIL NO. 22-00319 JAO-KJM<br><br>**DISMISSAL ORDER** |

**DISMISSAL ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") filed by pro se Petitioner Diosser Irlander Gaona Murillo ("Gaona Murillo"). ECF No. 1. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Because Gaona Murillo does not allege that he is in custody in violation of the Constitution or any other federal law, the Petition is DISMISSED without prejudice, but without leave to amend.

## I. BACKGROUND

In 2020, Gaona Murillo was convicted in the United States District Court for the Middle District of Florida of conspiracy to distribute and possess with intent to

distribute five kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii). *See* Judgment in a Criminal Case, *United States v. Gaona Murillo*, Cr. No. 8:19-00396-MSS-AAS (M.D. Fla. July 27, 2020), ECF No. 470 at 1.[1] Gaona Murillo was sentenced to 46 months' imprisonment and 60 months' supervised release. *Id*. at 3–4.

Gaona Murillo is now serving his sentence at the Federal Detention Center in Honolulu, Hawai'i. *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "72577-018" in "Number" field; and select "Search") (last visited Aug. 25, 2022). Gaona Murillo is currently scheduled for release on December 1, 2022. *Id*.

The Court received the Petition on July 25, 2022, ECF No. 1, and the $5.00 filing fee on August 4, 2022, ECF No. 4. In the Petition, Gaona Murillo describes himself as a "Columbian national" and a "deportable alien." ECF No. 1 at 6. Although Gaona Murillo asserts that he is "subject to deportation," he also states that he was informed by the "Executive Office for Immigration Review . . . that no

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically. *See United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [public access to court electronic records]." (citations omitted)).

cases are pending against [him]."[2] *Id*. According to Gaona Murillo, he seeks to challenge a "detainer" that was placed on him.[3] *Id*. at 2. Gaona Murillo asks the Court to order Warden Derr "to properly classify [his] detention or immigration status with the Department of Justice or acknowledge that he is being [held] in violation of his 8th Amendment rights." *Id*. at 7.

## II. SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he

---

[2] Using the A-Number provided in the Petition by Gaona Murillo, *see* ECF No. 1 at 2, the Court's search of the Executive Office for Immigration Review's Automated Case Information page also produced no case results. *See* Executive Office for Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "207788278" in boxes below "Enter your A-Number"; and select "Submit") (last visited Aug. 25, 2022).

[3] The Department of Homeland Security ("DHS") may issue a "detainer" to "advise another law enforcement agency that the [DHS] seeks custody of an alien . . . for purposes of arresting and removing the alien." 8 C.F.R. § 287.7.

district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

## III. DISCUSSION

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a federal prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). The district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto." 28 U.S.C. § 2243.

For example, the Ninth Circuit has said that 28 U.S.C. § 2241 is the appropriate avenue for relief when a federal prisoner "challenges the fact or duration of his confinement." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (citations and footnote omitted); *see also Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011) ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement." (citation omitted)).

Here, the Court must dismiss the Petition because Gaona Murillo does not assert that he is currently in custody in violation of the Constitution or federal law. Although Gaona Murillo describes himself as a "Columbian national" and "deportable alien," ECF No. 1 at 6, nothing suggests that Gaona Murillo is

currently in the custody of the DHS. Indeed, the record reflects that Gaona Murillo is incarcerated because of his 2020 conviction, not because of his immigration status. In general, "the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment." 8 U.S.C. § 1231(a)(4)(A); *see Nielsen v. Preap*, 586 U.S. ___, 139 S. Ct. 954, 969 (2019) (noting that 8 U.S.C. § 1231(a)(4)(A) "prevents officials from actually removing an alien from the country 'until the alien is released from imprisonment'"). The Court has no reason to believe that this general rule does not apply here.

To the extent Gaona Murillo is attempting to challenge an immigration detainer, ECF No. 1 at 2, it is well established that a "bare detainer letter alone does not sufficiently place an alien in [DHS] custody to make habeas corpus available." *Campos v. I.N.S.*, 62 F.3d 311, 314 (9th Cir. 1995); *Martinez v. Mukasey*, 263 F. App'x 648, 649 (9th Cir. 2008) ("Habeas corpus is not available to challenge the detainer."). Because it plainly appears that Gaona Murillo is not entitled to relief, the Court must DISMISS the Petition.

## IV. CONVERSION OF PETITION

Gaona Murillo briefly suggests that his Eighth Amendment rights are being violated. *See* ECF No. 1 at 7. "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment . . . imposes duties on [prison] officials, who

must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted).

The appropriate avenue for a federal prisoner asserting a civil rights violation based on the *conditions* of his confinement is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), not a petition under 28 U.S.C. § 2241. *See Alcala*, 434 F. App'x at 669 ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement." (citation omitted)); *Brown v. Blanckensee*, 857 F. App'x 289, 290 (9th Cir. 2021) ("As the district court correctly concluded, the appropriate remedy for these claims lies in a civil rights action under *Bivens* . . . rather than a § 2241 petition.").

A district court may construe a petition for habeas corpus to plead a civil rights cause of action after notifying and obtaining informed consent from the prisoner. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc). The court declines to convert Gaona Murillo's Petition into a civil rights complaint, however, for the following reasons.

First, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "The Supreme Court has acknowledged . . . that federal prisoners suing under [*Bivens*] must first exhaust inmate grievance procedures." *Hoffman v. Preston*, 26 F.4th 1059, 1070 (9th Cir. 2022) (quotation marks and citation omitted) (brackets in original). Here, Gaona Murillo appears to acknowledge that he has not exhausted his administrative remedies. *See* ECF No. 1 at 2.

Second, Gaona Murillo does not say how his Eighth Amendment rights are allegedly being violated at FDC Honolulu, nor has he linked Warden Derr to a violation of his rights.

Third, and finally, if the Court converted the Petition into a civil rights complaint, Gaona Murillo would be obligated to pay the fees for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. *See* 28 U.S.C. §§ 1914, 1915(b). Any dismissal of the action at the pleading stage would not terminate Gaona Murillo's duty to pay the $350.00 filing fee. Here, the Petition was not accompanied by the required fees or an authorization by Gaona Murillo to have the fees deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

Based on the foregoing, the Court concludes that the Petition is not amenable to conversion. This does not prevent Gaona Murillo from filing a civil rights complaint after he considers his options.

## V. CONCLUSION

(1) The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without prejudice, but without leave to amend.

(2) To the extent Gaona Murillo raises a conditions of confinement claim that does not impact the fact or duration of his confinement, that claim is DISMISSED without prejudice to raising it in a civil rights action.

(3) The Clerk is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED

DATED: Honolulu, Hawai'i, August 25, 2022.




Jill A. Otake
United States District Judge